UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARRELL MAYMON,

    Plaintiff,

    v.                                           CAUSE NO.: 3:17-CV-976-PPS-MGG

ROBERT CARTER, et al.,

    Defendants.

## OPINION AND ORDER

Darrell Maymon, a prisoner without a lawyer, was granted leave to proceed on three claims related to the discontinuation of the medication Neurontin. Specifically, Maymon asserts that Lisa Matthews refused to dispense Neurontin to Maymon when it had been prescribed by a health care provider, and that Commissioner Robert Carter and Wexford of Indiana medical supplier implemented a policy prohibiting the use of Neurontin that resulted in the denial of necessary medication to treat Maymon's medical conditions since December 6, 2017. The defendants filed the instant motion for summary judgment arguing that Maymon failed to exhaust his administrative remedies. Maymon filed several responses to the motion, a request for appointment of counsel, and other miscellaneous motions. I will address each pending motion in turn.

Summary Judgement Motion

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was actually available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with

the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The grievance policy for the Indiana Department of Correction provides that, before filing a grievance, an offender is required to attempt to resolve a complaint informally. (ECF 34-2 at ¶ 9.) If the inmate is unable to resolve the complaint informally, he may file a formal grievance with the grievance specialist utilizing state form 45475. (*Id.* at ¶¶ 8, 10.) The grievance specialist has 15 days to respond. (*Id.* ¶ 11.) Upon receipt of the grievance response, the offender is responsible for reviewing the response and determining whether the response adequately addresses the matter grieved. (*Id.* ¶ 12.) If the offender disagrees with the formal response to the grievance, he or she may appeal the response to the facility Warden or the Warden's designee by submitting State Form 45473, "Grievance Appeal" to the grievance specialist within five days of receiving the response. (*Id.*) Finally, if an inmate is still dissatisfied with the response to the appeal, he must check the "disagree" box, sign, and submit the completed State Form 45473, "Offender Grievance Appeal" to the Offender Grievance Specialist within five business days of receipt of the appeal response. (*Id.* at ¶ 13.) Each offender is advised of the grievance procedure and either provided with a copy of the policy or instructions on how to access it during orientation. (*Id.* at ¶ 6.)

According to the grievance records, Maymon submitted a formal grievance using State Form 45471 on December 15, 2017. (*Id.* ¶ 18.) That grievance was received and accepted by Traci Riggle and assigned number 100037. (*Id.* at ¶ 19.) Maymon was provided with a receipt showing that the grievance had been received and that a response would be due on January 18, 2018. (*Id.*) Maymon initiated this case on December 27, 2017. (ECF 1-2.) The grievance was formally responded to on January 19, 2018). (*Id.* ¶ 21.) Maymon did not appeal the denial of grievance 100037, and therefore did not complete the grievance process. (*Id.* ¶ 22.)

Maymon, in his numerous response briefs,[1] lodges a variety of arguments in response to the defendants' claim that he did not exhaust his administrative remedies. First, Maymon argues that he exhausted his administrative remedies because he filed a grievance and it was denied. (ECF 37 at 1.) Maymon notes that he received notice that his formal grievance was denied. (ECF 34-3, ECF 37 at 3, ECF 45 at 1.) He signed this notice, and checked the box indicating that he disagreed with the response on January 20, 2018. (ECF 37 at 3.) But, Maymon clearly did not exhaust his administrative remedies before initiating this lawsuit on December 27, 2017. In fact, he has neither argued nor produced any evidence suggesting that he took any action to appeal the denial of his formal grievance at any point in time, before or after initiating this lawsuit.

---

[1] Northern District of Indiana Local Rule 56-1 provides an opportunity for only a single response. Nonetheless, in the interest of justice, and considering Maymon's *pro se* status, each of his arguments will be addressed.

Next, Maymon claims that, because his health and safety were being threatened, he could seek help outside the grievance system. (ECF 45 at 2.) He points to a sample letter from the Department of Administration Ombudsman Bureau in support of his claim. (ECF 45-1.) But, the letter Maymon relies on makes clear that he must exhaust the grievance procedures at his facility. It in no way communicates that he is excused from exhaustion if his health and safety are being threatened.

Maymon also claims that he has been told that complaints about medical care are not grievable. (ECF 52 at 1.) They are grievable. (ECF 34-2 at ¶ 7.) But, even if he had been told otherwise, he did file a grievance, the grievance was accepted, and he received notice when it was denied, as is evidenced by his signature on January 20, 2018. Therefore, the mis-information he received did not prevent him from filing his grievance.

Similarly, Maymon asserts that, because he has asserted claims based on the Eighth Amendment of the United States Constitution, and not based on the administrative remedies available to him, the grievance procedure is irrelevant. (ECF 52.) This is simply inaccurate. *See* 42 U.S.C. 1997e(a); *Perez*, 182 F.3d at 535.

In a final attempt to explain his failure to exhaust, Maymon notes that he was a grievance coordinator at Kentucky State Prison for two years and, based on his knowledge and experience, he did all that was required of him. Maymon describes the grievance procedure at Kentucky State Prison, where it appears that, when an inmate rejects a recommendation on a grievance at any stage, the grievance is automatically routed to the next stage. Maymon was, however, required to exhaust the administrative

5

remedies available to him at the Miami Correctional Facility, not the remedies available to inmates at the Kentucky State Prison. *See Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

The undisputed evidence shows that Maymon was informed of the requirements to exhaust his administrative remedies, but he initiated this lawsuit without exhausting those remedies. There is no evidence that the grievance process was made unavailable to Maymon. Therefore, I must grant the defendants' summary judgment motion.

Request for Counsel and Other Miscellaneous Motions

Maymon recently submitted another request for appointment of counsel, which he titled as a "Motion to Request of the Court." (ECF 57).

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Here, Maymon has demonstrated that he made some attempt to obtain counsel on his own, but counsel is denied because he is competent to litigate this case himself. Though he has lost on summary judgment, it is not the result of incompetence - Maymon made many creative arguments and advocated vigorously for his position. Rather, Maymon lost on summary judgment because the facts clearly demonstrate that he did not exhaust his

6

administrative remedies prior to filing this lawsuit and that his failure to exhaust was not excused. That is to say, based on the facts presented, the outcome would not have been different if Maymon had been represented by counsel.

Maymon also filed a motion asking that the court issue a contempt citation warning to the warden for preventing him from accessing the materials he needed to write letters to ten attorneys requesting that they represent him, as directed by court order. (ECF 51.) Maymon has since demonstrated that he obtained the materials necessary to write to ten attorneys. (*See* ECF 57.) Accordingly, this motion is now moot.

Lastly, Maymon filed a motion asking the court to appoint a neurologist to examine him. (ECF 53.) To the extent this request is relevant to the claims in this case, it too is now moot. To the extent it is applicable to claims other than those raised in this case, he needs to raise this issue elsewhere.

For these reasons, the court:

(1) DENIES Darrell Maymon's request for counsel (ECF 57);

(2) DENIES Darrell Maymon's request that the court issue a contempt citation warning as MOOT (ECF 51);

(3) DENIES Darrell Maymon's motion asking the court to appoint a neurologist as MOOT (ECF 53);

(4) GRANTS the defendants' motion for summary judgment (ECF 33); and

(5) DISMISSES the claims against Robert Carter, Lisa Matthews, and Wexford of Indiana Medical Supplier.

SO ORDERED on January 3, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT